THE ASHEVILLE STREET-RAILWAY COMPANY v. THE WEST ASHEVILLE AND SULPHUR SPRINGS RAILWAY COMPANY.

*Injunction—Street-railways—Charter—Exclusive Privileges— Power of City.*

The legislative charter of a street-railway company granting to it certain powers and privileges, and "such other privileges as may be granted by the municipal authorities of a town," gave such authorities no power to grant *exclusive* privileges to the railway company.

*Quære*, whether the Legislature has the right to authorize a city to grant such exclusive privileges.

CIVIL ACTION, pending in BUNCOMBE Superior Court, heard before *Hoke, J.,* at Chambers at Bryson City, June 13, 1892, on motion to dissolve the restraining order theretofore issued.

In considering the affidavits and exhibits filed in the cause the Court found the facts to be as follows:

"1. That the plaintiff, under a charter granted by the Legislature in 1881, Laws 1881, ch. 64, p. 786, made a

contract, or obtained permission from the Board of Aldermen
of the city of Asheville, to place and operate a 'single street-
railway along certain streets of the city of Asheville, and
amongst other streets were Depot street and Patton avenue;
that this permission was given in form of an ordinance of
the Board of Aldermen of the city of Asheville, passed in
session on December 3, 1887; and of said ordinance the grant
was made exclusive for ten years from its date, December
3, 1887.

"3. That under such grant so given the plaintiff con-
structed and operated a line of street-railway in said
city in and upon the streets designated, and has been
operating same for three or four years, and on this line so
constructed has been carrying freight and passengers from
the railroad depot in said city to the Court Square and
business centers of the city; and its company has to this
time furnished sufficient means and facilities to supply
the demand between the two points.

"5. That the defendant, under an act of the Legislature
subsequently passed, Laws 1891, ch. 262, p. 208, and under
grant and permission from the Board of Aldermen of the
city of Asheville, is about to construct and put in operation
a street-railway running from Sulphur Springs, about five
miles from the city, into said city, and its route passes
the railroad depot above mentioned, which is the only rail-
road depot in said city at present time, and will run into
the business center of the same, at or near the Court Square,
on a street called College street.

"6. That in running said line the defendant will place
its track on Depot street a distance of 450 feet, and on
Patton avenue 250 feet; that the route of the defendant
as proposed runs from the railroad depot along Depot street
450 feet, and then leaves said street, running along the
streets of said city not granted to plaintiff until it again

reaches the line of plaintiff at Patton avenue, and runs along said avenue a distance of 250 feet until it reaches College street, passing the post-office, and runs down College street to a point about thirty feet from public square.

"7. That the line of the defendant's track and its construction will not physically interfere with plaintiff's track, but will cause the defendant to compete for passengers and traffic between the railroad depot and business centers of Asheville, and so will greatly impair the balance of plaintiff's franchise and railway.

"8. That the defendant, by using the portions of Patton avenue and Depot street as described, is enabled to approach the business centers of Asheville by a more direct route than it could otherwise obtain, and while its line, with the exception of the above interference, runs along a different way and supplies the residents along such different way with railroad facilities, it is substantially a complete line for patronage between the railroad depot and Court Square in the city of Asheville."

From the above facts the Court, being of the opinion that the Board of Aldermen of the city of Asheville had no authority under existing statutes to make the grant to plaintiff exclusive, dissolved the restraining order theretofore issued, and plaintiff appealed.

*Mr. J. II. Merrimon,* for plaintiff (appellant).
*Mr. Charles M. Stedman,* for defendant.

AVERY, J.: If the Legislature had the power to grant or to delegate the authority to a municipality to grant the exclusive privilege of constructing a track or running a street-railway on particular streets, we find nothing in the charter of the city of Asheville, or that of the plaintiff company, that can be fairly construed as an attempted exer-

SMITH *v.* RAILROAD.

cise of such power either directly or through the medium of its agent. The charter conferred on the plaintiff all of the powers and privileges granted to the street-railway of Fayetteville, etc., and "such other privileges as may be granted by the municipal authorities of Asheville, in the county of Buncombe aforesaid." Clearly, this language clothed the municipality with no new or additional power, but authorized it only to exercise such authority as it already possessed for the furtherance of the objects for which the company was chartered. It is familiar and elementary learning that the authority of municipal corporations is restricted to such powers as are expressly granted by their charters, or such as arise by fair implication out of or as are necessary to the exercise of those granted. 1 Dillon Corp., sec. 89 (55); 2 Dillon, sec. 695. It is needless, therefore, to discuss the question whether the Legislature had the authority to do what it did not attempt to do. The judgment of the Court below is                 Affirmed.